UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

SCOTT MILLAR,

                Defendant.

**DECISION AND ORDER**
19-CR-148-A
23-CR-135-A

---

    These cases were referred to Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings.  On February 7, 2024, Defendant Scott Millar appeared before Magistrate Judge Schroeder in case 23-CR-135 and entered a plea of guilty, pursuant to a written plea agreement (23-CR-135, Dkt. No. 14), to Count 1 of the Indictment (23-CR-135, Dkt. No. 4), which charged him with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and § 2252A(b)(2).

    During the same proceeding, Defendant Millar also entered a plea of guilty, pursuant to a written plea agreement (19-CR-148, Dkt. No. 15) to Charge No. 1 of the Amended Petition for Offender under Supervision (19-CR-148, Dkt. No. 2), in case 19-CR-148, which charged him with violating a condition of his term of supervised release in that case which prohibited him from committing another federal, state, or local offense.

Magistrate Judge Schroeder issued a Report and Recommendation in each case (19-CR-148, Dkt. No. 16; 23-CR-135, Dkt. No. 15) confirming his oral findings that Defendant's pleas of guilty were knowing, voluntary, and supported by a factual basis.  No timely objections to the Report and Recommendations have been filed.  It is hereby

**ORDERED** that, upon review of the parties' written plea agreement in 23-CR-135-A (Dkt. No. 14); plea transcript of the February 7, 2024, change-of-plea proceedings before the Magistrate Judge (23-CR-135, Dkt. No. 16); and the Report and Recommendation (23-CR-135, Dkt. No. 15), the Court finds that all the requirements of Federal Rules of Criminal Procedure Rule 11 have been carefully followed.  Defendant's plea of guilty was knowing, voluntary, and supported by a factual basis.  The Magistrate Judge informed Defendant, who was placed under oath and addressed personally in open court, of Defendant's rights and the trial rights he was waiving should the Court accept his plea of guilty, the nature of the charge to which he was pleading guilty, and any maximum possible penalty, among the other requirements listed in the Rule.  The Magistrate Judge determined that Defendant understood the foregoing.  Accordingly, Defendant's plea of guilty Count 1 of Indictment 23-CR-135 is accepted based upon the oral findings of the Magistrate Judge as confirmed in the written Report and Recommendation.

**ORDERED** that, upon review of the parties' written plea agreement in 19-CR-148-A (Dkt. No. 15); plea transcript of the February 7, 2024, change-of-plea proceedings before the Magistrate Judge (19-CR-148, Dkt. No. 17); and the Report

and Recommendation (19-CR-148, Dkt. No. 16), the Court finds, in accordance with the requirements set forth in *United States v. Pelensky*, 129 F.3d 63 (2d Cir.1997), that defendant knowingly and voluntarily: admitted the alleged conduct constituting such violation; and waived his rights under Rule 32.1 of the Federal Rules of Criminal Procedure.  The Magistrate Judge informed Defendant of his rights under Rule 32.1, including his right to a revocation hearing, and Defendant waived those rights and voluntarily admitted conduct establishing the violation. The Magistrate Judge determined that Defendant understood the foregoing.  Accordingly, Defendant's plea of guilty to Charge No. 1 of the Amended Petition for Offender under Supervision in case 19-CR-148 is accepted based upon the oral findings of the Magistrate Judge as confirmed in the written Report and Recommendation.

**Sentencing is scheduled for June 3, 2024 at 10:00 am.**  The parties are directed to the Court's forthcoming Text Order for the submission of sentencing documents.

**IT IS SO ORDERED.**

                                         __*s/Richard J. Arcara*_____
                                         HONORABLE RICHARD J. ARCARA
                                         UNITED STATES DISTRICT COURT

Dated:  February 22, 2024
        Buffalo, New York